# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**CHRISTINE SMITH**                                                                 **PLAINTIFF**

v.                          **CASE NO. 4:15CV00253 BSM**

**TRANS-CARRIERS, INC.**                                                        **DEFENDANT**

## ORDER

The motion to exclude Ralph Scott's expert opinion regarding loss-of-life [Doc. No. 54] is granted. District courts must insure that expert testimony is reliable. *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003). When assessing reliability, the following are considered: (1) whether the concept has been tested, (2) whether the concept has been subjected to peer review, (3) what the known rate of error is, and (4) whether the concept is generally accepted by the community. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

"Loss-of-life damages seek to compensate a decedent for the loss of the value that the decedent would have placed on his or her own life." *Durham v. Marberry*, 156 S.W.3d 242, 248 (Ark. 2004). This court has explained that an expert opinion similar to the one being proffered by Scott cannot be tested because the value a decedent would have placed on his own life cannot truly be determined. *See McMullin v. United States*, 515 F. Supp. 2d 914, 924 (E.D. Ark. 2007). "Stated otherwise, [Arkansas law on loss-of-life damages] does not provide the standard as to which an expert could apply his/her expertise." *Id.* at 925. Consequently, the expert testimony being proffered by Scott is unreliable and is therefore



inadmissible.

IT IS SO ORDERED this 17th day of May 2016.

                                                                       /s/ Brian S. Miller
                                                                       UNITED STATES DISTRICT JUDGE