IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STACIA TRAVIS, as personal representative
of the Estate of Linda Charmel Camp, deceased,
and JUSTIN CAMP                                                              PLAINTIFFS

VS.                                       6:18-cv-06042-BRW

ASUS COMPUTER INTERNATIONAL, *ET AL.*                        DEFENDANTS

**ORDER**

**Plaintiffs' Motion for Sanctions (Doc. No. 47) is DENIED.**  Plaintiffs allege that

Defendant ASUS "destroyed substantive evidence of past battery melting and computer fires

involving its computers."[1]  ASUS responded that under its document retention policy it only

keeps documents for two years.  The documents were destroyed months before the house fire in

this case took places, a year before Plaintiffs filed the complaint, and 18 months before Plaintiffs

requested the documents.[2]  Additionally, Plaintiffs have not asserted that ASUS was on notice of

a potential claim before it destroyed the documents.  Accordingly, the motion is DENIED.

**Defendant's Motion for Summary Judgment on the ADTPA Claim (Doc. No. 42) is**

**GRANTED.**  In the amended complaint, Plaintiffs allege:

> ASUS . . . violated the Arkansas Deceptive Trade Practice Act ("ADTPA"), and
> specifically, A.C.A. § 4-88-107(a)(10) by engaging in the unconscionable business
> behavior of providing the Computer and component part, including without
> limitation the AC power cord, the battery cells in the Computer, and the battery pack
> in the Computer in a defective condition rendering them unsafe and causing Ms.
> Camp's death and other harm and damages.[3]

---

[1]Doc. No. 47.

[2]Doc. No. 56.

[3]Doc. No. 24.

1

It seems to me that this is a product liability claims posing as an ADTPA claim.  Be that as it may, Plaintiffs have not established reliance.  Although Plaintiffs' argue that reliance is not required, the third element of Arkansas Model Jury Instruction 2900 is that Plaintiffs' "actual financial loss was proximately caused by his or her reliance on the defendant's conduct described above."[4]  Still, Plaintiffs contend that they "relied upon the fact that ASUS would [sic] supply a defective computer to them that was capable of producing a fire killing Ms. Camp and destroying their property."[5]  Again this is a product liability issue covered by Plaintiffs' strict liability claim.  Accordingly, summary judgment is GRANTED on the ADTPA claim.

**Defendants' Motion to Exclude Evidence Related to the Arkansas State Crime Laboratory Analysis of the Purported Presence of Alcohol and Benzodiazepine in Linda Charmel Camp's Blood (Doc. No. 48) is DENIED.**  The issues raised by Plaintiffs' might be fodder for cross examination.

 **Defendants' Motion to Exclude Expert Testimony of Ralph Scott (Doc. No. 38) on "loss-of-life damages" is GRANTED** for the same reasons set out by the Honorable Leon Holmes in *Hannibal, et al. v. TRW Vehicle Safety Systems, Inc.*[6]

**Defendants' Motion to Exclude Testimony of Corporal Arthur Raff (Doc. No. 40) is unopposed, so it is GRANTED.**  He may not testify that the computer or its battery was defective and that the defect caused the fire.

IT IS SO ORDERED this 28th day of August, 2019.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE

---

[4]AMI 2900.

[5]Doc. No. 53.

[6]No. 4:16-CV-00904-JLH, 2018 WL 3797500 (E.D. Ark. Aug. 9. 2018).